NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHARLES THOMAS TODD JR.,

        Plaintiff,

v.

CAPITOL ONE,

        Defendant.

Case No: 2:24-cv-00501 (JKS)(JBC)

**OPINION**

August 13, 2024

**SEMPER**, District Judge.

Before the Court is Defendant Capital One's[1] ("Defendant") motion to dismiss Plaintiff Charles Thomas Todd Jr.'s ("Plaintiff") Complaint. (ECF 5, "Def. Br.")[2] Plaintiff filed a brief in opposition. (ECF 13, "Opp.") Defendant filed a reply. (ECF 14, "Reply.") The Court reviewed the Plaintiff's Complaint (ECF 1-1, "Compl.") and the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED.**

**I.     FACTUAL AND PROCEDURAL BACKGROUND**[3]

On December 12, 2023, *pro se* Plaintiff initiated this action in the Superior Court of New Jersey, Special Civil Part. (ECF 1-1, "Compl.") On January 26, 2024, Capital One removed the case to this Court. (ECF 1, Notice of Removal.) The Complaint's three-sentence factual

---

[1] Improperly pled as "Capitol One."
[2] Plaintiff also filed a motion to remand the case. (ECF 11.) The motion to remand is **DENIED** as this Court has federal question jurisdiction stemming from Plaintiff's federal Truth in Lending Act claim. See 28 U.S.C. § 1331.
[3] When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

1

background alleges Capital One charged "unreasonable fees or interest rates without proper disclosure" on an "account." (Compl. at 11.) In its motion to dismiss, Defendant attached as exhibits documents integral to or relied upon by Plaintiff's Complaint, which the Court properly considers here.[4] Such documents indicate that the "account" Plaintiff references is a BJ's credit card, which was initially administered by Comenity Capital Bank and then assigned to Capital One.

This Court notes four discernable claims from Plaintiff's Complaint: (1) Defendant cannot charge Plaintiff a late fee or interest because he did not consent to a contract with Defendant; (2) Defendant's contract with Plaintiff was unconscionable; (3) Defendants violated New Jersey usury laws; and (4) Defendants violated the Truth in Lending Act ("TILA"). (*Id.*) On February 16, 2024, Capital One moved to dismiss. (ECF 5.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations

---

[4] Courts may consider documents integral to or explicitly relied upon in the complaint without converting a motion to dismiss into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.[5]

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action[.]" *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III.   ANALYSIS

#### A.   Truth in Lending Act

Plaintiff claims Capital One violated the Truth in Lending Act because it engaged in deceptive and unfair practices by charging Plaintiff a late fee and interest without proper notice. (*See* Compl. at 11.)

The "TILA [Truth in Lending Act], and its implementing regulation, Regulation Z (12 C.F.R. § 1026), require creditors . . . to make a series of disclosures before and during the creditor-borrower relationship." *Weichsel v. JP Morgan Chase Bank, N.A.*, 65 F.4th 105, 108 (3d Cir. 2023).[6] This includes disclosure of annual and periodic fees when a consumer opens a line of credit

---

[5] Because Plaintiff proceeds *pro se*, the Court must construe his pleadings liberally and hold them to a less stringent standard than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the "Court need not . . . credit a *pro se* plaintiff's bald assertions or legal conclusions." *Mestman v. Escandon*, No. 14-3880, 2014 WL 11398143, at *1 (D.N.J. June 25, 2014) (internal citations and quotation marks omitted).

[6] The purpose of the TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a).

with the creditor, as well as ongoing disclosure of charges and fees through periodic billing statements. *Id.* (citations omitted). Such information provided by a creditor "must be disclosed 'clearly and conspicuously,' that is, 'in a reasonably understandable form and readily noticeable to the consumer." *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 433 (3d Cir. 2018) (quoting *Rossman v. Fleet Bank (R.I.) Nat'l Ass'n*, 280 F.3d 384, 390 (3d Cir. 2002)).

In bringing a TILA claim, a plaintiff must "state with requisite specificity which charges and fees were not properly disclosed and why certain charges and fees are not bona fide and are unreasonable in amount." *Payan v. GreenPoint Mortg. Funding, Inc.*, 681 F. Supp. 2d 564, 570 (D.N.J. 2010) (citation omitted). Claims that fail to meet this standard are conclusory, bald assertions unsupported by fact and subject to dismissal under 12(b)(6). *Trexler v. Dodge City, Inc.*, No. 20-06983, 2021 LEXIS 36242, at *8 (D.N.J. Feb. 26, 2021) (citing *In Re Burlington Coat Factory Sec. Litig.*, 1114 F.3d 1410, 1429-30 (3d Cir. 1997)).

Plaintiff fails to state with any specificity why the charges were not legitimately issued by Capital One. (*See* Compl.) Because Plaintiff fails to provide any factual basis to support his claim, Plaintiff's TILA claim is **DISMISSED** without prejudice.

### B. Supplemental Jurisdiction

Regarding Plaintiff's contract-based and usury claims, the Court declines to exercise supplemental jurisdiction over these state law claims. Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the

litigants.'" *Growth Horizons, Inc. v. Del. Cnty., Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons, Inc.*, 983 F.2d at 1284-85. Here, because Plaintiff's' contract and usury claims are based purely on state law, they are not claims over which the Court has original jurisdiction. Therefore, at this early stage in the litigation, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (ECF 5) is **GRANTED.** An appropriate order accompanies this opinion.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: James B. Clark, U.S.M.J.
Parties